## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| YESSICA L. PAOLERCIO, individually and | : | |
| on behalf of other similarly situated individuals, | : | |
|     Plaintiffs | : | **<u>Collective Action</u>** |
| | : | |
| v. | : | **C.A. No.:** |
| | : | |
| SPECIALTY HOME CARE SERVICES, INC., alias, | : | |
| ANNE SHATTUCK, alias, WILLIAM D. PANE, alias, | : | |
| and CHERYL LEE, alias, | : | |
|     Defendants | : | **<u>Jury Trial Demanded</u>** |

## <u>COMPLAINT</u>

### I.    <u>Introduction</u>

1. This is an action brought by Plaintiff Yessica L. Paolercio against her former employer, Defendant Specialty Home Care Services, Inc. and Defendants Anne Shattuck, alias, William D. Pane, alias, and Cheryl Lee, alias, seeking compensatory, liquidated, and punitive damages, counsel fees, costs and other equitable relief arising out of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Rhode Island Minimum Wage Act ("RIMWA"), R.I. Gen. Laws § 28-12-1, *et seq.,* the Rhode Island Payment of Wages Act ("RIPWA") R.I. Gen. Laws § 28-14-1, *et. seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140 ("ERISA Section 510"), and the Rhode Island Whistleblower Protection Act, R.I. Gen. Laws § 28-50-1, *et seq.* ("Act")

2. With respect to the claims brought under the FLSA, this action is brought pursuant to the opt-in collective action provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

3. Additionally, and in the alternative, with respect to the FLSA claims, Plaintiff brings this action individually.

4. With respect to the RIMWA, RIPWA, ERISA, and Act claims, Plaintiff brings

**Page 1 of 17**

this action individually.

## II.     Parties

5.     Plaintiff Yessica L. Paolercio is a resident of City of Providence, County of Providence, and State of Rhode Island.

6.     At all times relevant to this action, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA, R.I. Gen. Laws § 28-12-2(5) of the RIMWA, R.I. Gen. Laws § 28-14-1(2) of the RIPWA, and R.I. Gen. Laws § 28-50-2(1) of the Act employed by Defendant.

7.     At all times relevant to this action, Plaintiff was a beneficiary within the meaning of 29 U.S.C. § 1002(8) of ERISA employed by Defendant.

8.     Defendant Specialty Homecare Services, Inc., alias, ("hereinafter "Defendant Corporation") is a corporation duly organized and incorporated under the laws of the Commonwealth of Massachusetts with a principal office located at 1600 Falmouth Road, Suite 2, Centerville, Massachusetts and a place of business located at 790 Charles St., Providence, Rhode Island.

9.     At all relevant times, Defendant Corporation was Plaintiff's employer within the meaning of 29 U.S.C. §§ 203(a) and 203(d) of the FLSA, R.I. Gen. Laws § 28-12-2(7) of the RIMWA, R.I. Gen. Laws § 28-14-1(3) of the RIPWA, and R.I. Gen. Laws § 28-50-2(2) of the Act.

10.     At all times relevant to this action, Defendant Corporation constituted a "person" within the meaning of 29 U.S.C. § 1002(9).

11.     Defendant Anne Shattuck, alias, (hereinafter "Defendant Shattuck") is a resident of the Commonwealth of Massachusetts and is and was at all relevant times to this action the President of Defendant Corporation and, on information and belief, has a material ownership

interest therein, and was responsible, in whole or in part, for the Defendant Corporation's wage payment policies, practices and procedures, and/or the implementation thereof.

12.     Defendant William D. Pane, alias, (hereinafter "Defendant Pane") is a resident of the Commonwealth of Massachusetts and is and was at all relevant times to this action the Treasurer, Secretary, and Director of Defendant Corporation and, on information and belief, holds a material ownership interest therein and was responsible, in whole or in part, for the Defendant Corporation's wage payment policies, practices and procedures, and/or the implementation thereof.

13.     Defendant Cheryl Lee, alias, (hereinafter "Defendant Lee") is a resident of the State of Rhode Island and is and was at all relevant times to this action the Administrator of Defendant Corporation and, on information and belief, was responsible, in whole or in part, for the Defendant Corporation's wage payment policies, practices and procedures, and/or the implementation thereof.

14.      At all times relevant to this action, Defendants Shattuck, Pane, and Lee each constituted a "person" within the meaning of 29 U.S.C. § 1002(9).

15.     Unless otherwise specified, the term "Defendants" as hereinafter used shall refer collectively to each and every Defendant named or described in the instant action.

### *FLSA Liability Allegations*

16.     Defendants are and, at all relevant times, were engaged in related activities performed through unified operation or common control for a common business purpose and is, and at all times hereinafter mentioned was, an enterprise within the meaning of 29 U.S.C. § 203(r).

17.     At all relevant times, Defendants, on a regular, consistent and recurrent basis, as part of the Defendants' regular course of business of providing services and distributing products

in interstate commerce, employed workers in the activities of said enterprise engaged in commerce or in the production of good for commerce, including handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce  while providing home health care services to multiple clients at their homes.

18.    At all relevant times, Defendants' enterprise has had an annual gross volume of business done in the amount of not less than $500,000.00.

19.    Therefore, Plaintiff and Class Plaintiffs were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(s)(1)(A) and 203(s).

### *FLSA Collective Action Allegations*

20.    Plaintiff brings this action on behalf of herself and all other similarly situated current and former employees of Defendants, who were and/or are affected by the actions, pay schemes, policies, and procedures of Defendants as described herein.

21.    In addition, the aforementioned Plaintiff brings this action in her individual capacity, separate and apart from the collective action claims set forth herein.

22.    With respect to the collective action claims under the FLSA, the Plaintiff seeks relief on behalf of two classes.

23.    **The First FLSA Collective Action Class** is defined as follows:

All individuals employed as Home Healthcare Aides (or other comparable positions) who were employed by Defendants and were subject to the following common practices and or policies of the Defendants, at any time from three (3) years before the filing of this Complaint to the present:

a.  Were paid IRS Form W-2 compensation; and,
b.  Were required to travel to, from, and in between client appointments; and,
c.  Were not paid the legally mandated minimum wage for all required travel time; and/or,
d.  Worked more than forty (40) hours in a workweek including travel time, and,
e.  Were not paid at least one and one-half (1 ½) times their regular rate of pay for all

hours worked in excess of forty (40) in a workweek,

24.     The Plaintiff is similarly situated with other Home Healthcare Aides or other comparable positions (collectively referred to as "Home Healthcare Aides") employed by Defendants in that they were all subject to the same payroll practices, policies and procedures of Defendants, performed similar work under similar working conditions, and were subject to the same unlawful practices alleged in this Complaint and sustained the same or similar damages as a result.

25.     Plaintiff reserves the right to amend said class definitions consistent with information obtained through discovery.

### III.     Jurisdiction

26.     The United States District Court for the District of Rhode Island has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because it asserts claims arising under Federal law; specifically, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and 42 U.S.C. § 1981.  Supplemental jurisdiction over the state law claims set forth herein is predicated on 28 U.S.C. § 1367 as they arise out of the same case or controversy.

### IV.     Venue

27.     Venue is proper in this Court insofar as the Defendants are doing business in Rhode Island and; therefore, are deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. § 1391.  Moreover, a substantial part of the acts and/or omissions giving rise to the claims occurred in the District of Rhode Island.

### V.     Material Facts

#### A.     Allegations Common to All Class Plaintiffs

##### *Failure to Pay Minimum Wages and Overtime*

28.     Defendant Corporation is engaged in the business of providing non-medical

**Page 5 of 17**

health care services in the State of Rhode Island and Commonwealth of Massachusetts.

29.     At all relevant times, Plaintiff and Class Plaintiffs worked for Defendant Corporation as Home Healthcare Aides (or other comparable positions), who, on a daily basis, travel to and from patient houses to provide personal care services such as dressing, grooming, feeding, bathing, and instrumental activities such as meal preparation, grocery shopping, laundry, and assistance with taking medication if necessary.

30.     On any given day, Plaintiff and Class Plaintiffs were required to assist several patients, and would receive daily work schedules from Defendants via text messages or by phone, assigning specific patients, specific work duties, a start time and pre-determined stop time.

31.     However, Plaintiff and Class Plaintiffs' work duties regularly required them to work beyond the pre-determined stop time.

32.     Additionally, Plaintiff and Class Plaintiffs were regularly and routinely required to work in excess of forty (40) hours per week exclusive of time spent traveling to and from the homes of patients.

33.     On information and belief, Defendants uniformly enforced a compensation scheme wherein Plaintiff and Class Plaintiffs were instructed to start recording hours worked upon their *arrival* at a patient's residence, and stop recording upon their *departing* the residence.

34.     On information and belief, Defendants would then compensate Plaintiff and Class Plaintiffs their respective hourly rates, but only for the time Plaintiff and Class Plaintiff's were instructed to record.

35.     As a result, Plaintiff and Class Plaintiffs were not compensated for any travel time between patient homes during the course of a given workday.

36.     Defendants did not, each and every week, pay Class Plaintiffs for all hours

worked and/or all overtime hours worked.

**B.     Allegations Specific to Plaintiff Paolercio**

*Failure to Pay Minimum Wages and Overtime*

37.     Plaintiff Paolercio is a certified nursing assistant who was employed by Defendant Corporation as a Home Healthcare Aide from on or about December 2, 2015.

38.     Since the beginning of her employment with Defendants, Plaintiff Paolercio's first assignment would typically start at 6:00 a.m. and her last assignment would typically end around 8:30 p.m. with no down time in between assignments.

39.     Since the beginning of her employment with Defendants, Plaintiff Paolercio regularly worked from 6:00 a.m. until 8:30 p.m. five to seven days per week.

40.     On information and belief, Plaintiff Paolercio was required to spend upwards of ten (10) hours per week traveling between patient homes on a weekly basis.

41.     At all relevant times, Plaintiff Paolercio was compensated at an hourly rate of $12.00, but was only compensated for the time she was instructed to record per Defendants' aforementioned compensation scheme.

42.     However, Plaintiff Paolercio was not compensated for any of the daily travel time between patient homes during the course of a given workday.

43.     Specifically, Defendants instructed Plaintiff Paolercio to start recording hours worked upon her *arrival* at a client's residence, and stop recording upon her *departing* the residence.

44.     Defendants did not, each and every week, pay Plaintiff Paolercio for all hours worked and/or all overtime hours worked.

*Failure to Pay Wages under RIPWA*

45.     Under the RIPWA, "whenever an employee separates or is separated from the

payroll of an employer, the unpaid wages or compensation of the employee shall become due on the next regular payday and payable at the usual place of payment."  R.I. Gen. Laws § 28-14-4.

46.     Plaintiff Paolercio's employment with Defendants ended on or about August 31, 2016.

47.     To date, Defendants have failed and/or refused to pay Plaintiff her final paycheck in the amount of $2,011.20.

### *ERISA Section 510*

48.     Defendants classified Plaintiff Paolercio as a part-time employee throughout her employment.

49.     However, throughout Plaintiff Paolercio's employment with Defendants, Plaintiff Paolercio worked over forty (40) hours each work week on a regular basis.

50.     Because Plaintiff Paolercio worked over forty (40) hours each work week on a regular basis, Plaintiff Paolercio was clearly a full-time employee throughout her tenure with Defendants.

51.     On information and belief, Defendants have an employee benefits plan under which full-time employees are entitled to medical and other benefits.

52.     Nevertheless, Defendants, by and through their agents, informed Plaintiff Paolercio that she was not entitled to benefits under Defendants' employee benefits plan because Plaintiff Paolercio was hired and classified as a part-time employee and not "guaranteed" more than 25 hours of work per week.

53.     Additionally, Defendants forced Plaintiff Paolercio to seek medical benefits elsewhere and then sign a form waiving her rights to medical benefits, while telling Plaintiff Paolercio that she did not qualify for medical benefits as a purported part-time employee and could not work unless she signed the waiver form.

**Page 8 of 17**

54.     On information and belief, Plaintiff Paolercio's misclassification was taken with the specific intent to interfere with Plaintiff Paolercio's rights or benefits under an ERISA plan.

*Retaliation*

55.     On or about February 23, 2017, Plaintiff Paolercio notified Defendants via a written letter that she believed Defendants had violated the FLSA, RIMWA, and RIWPA by failing to pay Plaintiff Paolercio for travel time and failing to pay Plaintiff Paolercio her final paycheck.

56.     Plaintiff Paolercio also alleged in that same written letter that Defendants had interfered with Plaintiff Paolercio's ability to qualify for benefits under Defendants' employee benefits plans by intentionally misclassifying Plaintiff Paolercio as a part time employee in violation of ERISA Section 510.

57.     Lastly, in that same letter, Plaintiff Paolercio informed Defendants that Plaintiff Paolercio intended on filing a civil action asserting the alleged wage and hour and ERISA violations.

58.     Thereafter, on or about April 23, 2017, Defendants submitted a report/documentation to the Rhode Island Department of Health ("RIDOH") alleging that Plaintiff Paolercio engaged in unprofessional conduct.

59.     Specifically, Defendants wrongfully alleged that Plaintiff Paolercio had neglected her duties by sleeping on the job, not performing her job duties, arriving to patients home late, and missing patient appointments.

60.     The aforementioned allegations are clearly frivolous, false, and disputed by the Plaintiff Paolercio.

61.     Moreover, Defendants submitted their report/documentation only after Plaintiff Paolercio alleged violations of the FLSA, RIMWA, RIWPA, and ERISA.

62.     On information and belief, according to RIDOH policies and procedures,

licensing complaints of this type are required to be submitted to the RIDOH in a timely fashion—not eight (8) months later.

63.     On information and belief, the only reason that Defendants filed their report/documentation with the RIDOH was in retaliation for Plaintiff Paolercio complaining about Defendants' violations of law and informing Defendants of her intention to file a civil action.

64.     On information and belief, Defendants' filing of the report/documentation with the RIDOH was clearly an attempt to intimidate Plaintiff Paolercio into dropping her legal claims and not assert her rights.

### C.     Individual Liability Under the FLSA, RIMWA, and RIWPA

65.     On information and belief, Defendants supervised Plaintiff and Class Plaintiffs in their day to day work.

66.     On information and belief, Defendants routinely required Plaintiff and Class Plaintiffs to travel to and in between client homes without compensation for time spent traveling.

67.     On information and belief, Defendants created, approved and/or knowingly implemented the compensation scheme under which Plaintiff and Class Plaintiffs were illegally undercompensated.

68.     On information and belief, Defendants knew that Plaintiff and Class Plaintiffs were not being compensated for travel time.

69.     On information and belief, Defendants knew that Plaintiff and Class Plaintiffs were not being compensated for all hours worked and/or all overtime hours worked each week.

70.     On information and belief, Defendants are either the sole or partial owners of Defendant Corporation and/or otherwise profited directly or indirectly from the illegal under-compensation of Plaintiff and Class Plaintiffs.

### D.        Minimum Wage and Overtime Pay Violations

71.    At all relevant times, Plaintiff and Class Plaintiffs were non-exempt employees[1]

entitled to payment of a minimum wage under applicable law[2], wages for all hours worked[3], and

overtime wages as defined under applicable law.[4]

72.    Upon information and belief, Defendants failed or refused to compensate Plaintiff

and Class Plaintiffs for all hours they were required to work, including but not limited to, travel

time to and in between patient houses after the start, but during the course, of the workday.[5]

73.    Finally, despite the fact that Plaintiff and Class Plaintiffs were non-exempt

employees, Defendants failed or refused to pay them the legally required overtime pay of one

---

[1] It should be pointed out that any exemption from the payment of minimum wage or overtime are "narrowly construed against the employers seeking to assert their application," *Arnold v. Ben Kanowsky, Inc.* 361 U.S. 388,392 (1960), with the burden of proving the exemption placed "upon the employer." *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896, 900 (3rd Cir. 1991); *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 206 (1966).

[2] Under the FLSA every employer in commerce shall pay its employees at least a minimum wage of $7.25 an hour. 29 U.S.C. § 206.  Under the RIMWA every employer shall pay, during the year 2015, a minimum wage of $9.00 an hour and during the year 2016 and onward, a minimum wage of $9.60.

[3] *See Norceide v. Cambridge Health Alliance*, 814 F.Supp.2d 17, 23-25 (D. Mass 2011)(The court held that where compensation was based on twenty-six (26) hours of work, the company violated the minimum wage provision of the FLSA by not paying the employees for the hours worked above 26. In effect, the employer was getting free hours of work from the employees); *see also* R.I. Gen. Laws § 28-12-3 (requiring that employees be paid a minimum wage *per* hour).

[4] Under the FLSA, every employer in commerce shall pay its employees time and one half (1 ½) for all hours worked over forty (40). 29 U.S.C. §§ 206 and 207. The RIMWA mirrors the FLSA in that it provides that every employer shall pay the minimum wage prescribed by law and one and one-half (1 ½) the rate of their regular compensation for all hours worked over forty (40). R.I.G.L. § 28-12-1, *et seq*.

[5] It is black letter law than an employee of a private employer may not "volunteer," in whole or in part, to perform work for his or her employer, insofar as an employee may not waive his or her right to minimum wage and overtime pay due under the FLSA. *See Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). Nor may FLSA rights be abridged, waived, or modified by contract or custom. *See Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602-03 (1944)("***The Fair Labor Standards Act was not designed to codify or perpetuate those customs and contracts which allow an employer to claim all of an employee's time while compensating him for only a part of it.*** Congress intended, instead, to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act. Any custom or contract falling short of that basic policy, like an agreement to pay less than the minimum wage requirements, cannot be utilized to deprive employees of their statutory rights.")(emphasis added; footnote omitted).

and one-half (1 ½) times their regular rate of pay for all hours worked over forty (40) in a workweek as required by the FLSA and the RIMWA.[6]

### E.    RIPWA Violation

74.    Despite the fact that Plaintiff Paolercio's employment with Defendants ended on or about August 31, 20016, Defendants have refused or failed to send Plaintiff Paolercio her last paycheck in violation of the RIPWA.

### F.    ERISA Section 510 Violations

75.    Despite the fact that Plaintiff Paolercio routinely worked over forty (40) hours per week for Defendants, Defendants intentionally misclassified her as a part-time employee to avoid paying her health and other benefits offered under Defendant's benefits plan.

### G.    Damages

76.    Defendants regularly and routinely required Plaintiff and Class Plaintiffs to work hours for which they were not compensated and/or were not compensated at the legally mandated minimum wage.

77.    Defendants regularly and routinely required Plaintiff and Class Plaintiffs to work hours each workweek in excess of forty (40) without pay or overtime pay.

78.    Defendants willfully and repeatedly violated the provisions of the FLSA and the RIMWA by failing to pay Plaintiff and Class Plaintiffs the legally mandated minimum wage for all hours worked and for failing to compensate them at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek.

---

[6] 29 U.S.C. §§ 206 and 207; R.I.G.L. § 28-12-1, *et seq*.  It is axiomatic that "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the worday, must be counted as hours worked." 29 C.F.R. § 785.38; *see also Dooley v. Liberty Mut. Ins. Co.*, 307 F. Supp. 2d 234, 242 (D. Mass. 2004) (holding that an employee's travel time between an office and off-site location after the workday has begun is compensable time under the FLSA.)

79.     Defendants willfully violated the RIPWA by failing to timely provide Plaintiff with her last paycheck in the amount of $2,011.20.

80.     Defendants willfully and unlawfully interfered with Plaintiff Paolercio's ability to qualify for benefits under Defendant's employee benefits plan, in violation of 29 U.S.C.A. §1140 (Section 510) actionable under 29 U.S.C.A. §1132 (Section 502(a)(3).

81.     As a result of the Defendants' concerted acts and/or omissions, including, but not limited to, those described herein, Plaintiff and Class Plaintiffs have sustained loss of wages, overtime pay, and other compensation and/or benefits of employment, and have suffered emotional distress and other great damage.

## VI.     Claims for Relief

82.     Plaintiff and Class Plaintiffs incorporate the allegations contained in ¶¶1 through 81 above in the counts set forth below.

### Count One
### *Violation of FLSA, 29 U.S.C. §201, et seq.*

83.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the FLSA by failing to pay minimum wage and overtime wages as provided therein, thereby causing Plaintiff and Class Plaintiffs to suffer damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Two
### *Violation of RIMWA, R.I. Gen. Laws §28-12-1, et seq.*

84.     Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the RIMWA by failing to pay minimum wage and overtime wages as provided therein, thereby causing Plaintiff and Class Plaintiffs to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

**Count Three**
***Violation of RIPWA, R.I. Gen. Laws §28-14-1, et seq.***

85.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the RIPWA by failure to tender wages due and owing to Plaintiff Paolercio, thereby causing Plaintiff Paolercio to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

**Count Four**
***Violation of ERISA, 29 U.S.C. § 1140 (ERISA Section 510"),***

86.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the ERISA by discriminating against Plaintiff Paolercio in order to interfere with Plaintiff' Paolercio's ability to qualify for health and other benefits due under Defendant's employee benefits plan, thereby causing Plaintiff Paolercio to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. § 1132.

**Count Five**
***Retaliation in Violation of the FLSA, 29 U.S. Code § 215(a)(3)***

87.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the FLSA by retaliating and/or discriminating against Plaintiff Paolercio for asserting wage and hour claims under the FLSA, thereby causing Plaintiff Paolercio to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Six**
***Retaliation in Violation of the RIPWA, R.I. Gen. Laws § 28-14-19.3, et seq.***

88.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the RIPWA by retaliating and/or discriminating against Plaintiff Paolercio for asserting wage and hour claims under the RIPWA

**Page 14 of 17**

and/or RIMWA, thereby causing Plaintiff Paolercio to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I. Gen. Laws § 28-50-1, *et seq.*.

### Count Seven
### *Retaliation in Violation of RI Whistleblower Protection Act, R.I. Gen. Laws § 28-50-3.*

89.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the Act by retaliating and/or discriminating against Plaintiff Paolercio for asserting claims under state and federal law, thereby causing Plaintiff Paolercio to suffer damages as aforesaid, for which she is entitled to relief pursuant to R.I. Gen. Laws § 28-50-4.

### Count Nine
### *Retaliation in Violation of the ERISA, 29 U.S.C. § 1140 (ERISA Section 510"),*

90.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, have violated the ERISA by retaliating and/or discriminating against Plaintiff Paolercio for asserting claims under ERISA, thereby causing Plaintiff Paolercio to suffer damages as aforesaid, for which she is entitled to relief pursuant to 29 U.S.C. § 1132.

### VII.    Prayers for Relief

**WHEREFORE**, Plaintiff and Class Plaintiffs pray that this Honorable Court grant the following relief:

1.    A declaratory judgment declaring that Defendants violated the wage and overtime payment requirements under the FLSA as to Plaintiff Paolercio and Class Plaintiffs in the manner complained of herein.

2.    A declaratory judgment declaring that Defendants violated the RIMWA as to Plaintiff Paolercio in the manner complained of herein.

3.    A declaratory judgment declaring that Defendants violated the RIPWA as to

**Page 15 of 17**

Plaintiff Paolercio in the manner complained of herein.

4.      A declaratory judgment declaring that Defendants violated ERISA Section 510 by interfering with Plaintiff Paolercio's rights in the manner complained of herein.

5.      A declaratory judgment declaring that Defendants retaliated against Plaintiff Paolercio in violation of the FLSA, RIMWA, RIWPA, ERISA, and Act in the manner complained of herein.

6.      An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

7.      An award of compensatory damages.

8.      An award of punitive damages.

9.      An award of actual damages pursuant to R.I. Gen. Laws. § 28-50-4.

10.      An award of actual damages or restitution pursuant to 29 U.S.C. §1132(a)(3).

11.      An award of liquidated damages pursuant to 29 U.S.C. § 216(b).

12.      An award of liquidated damages in an amount of two times the amount of wages and/or benefits owed pursuant to R.I. Gen. Laws §§ 28-14-19.2 and 28-14-20.

13.      An award of reasonable attorneys fees and costs pursuant to 29 U.S.C. §216(b).

14.      An award of reasonable attorney's fees and costs pursuant to R.I. Gen. Laws §§ 28- 14-19.2 and 28-14-20.

15.      An award of reasonable attorneys fees and costs pursuant to 29 U.S.C. §1132(g).

16.      An award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b).

17.      An award of other appropriate equitable relief or penalties pursuant to R.I. Gen. Laws § 28-14-19.2.

18.      An award of other appropriate equitable relief pursuant to 29 U.S.C. §1132(a)(3).

19.     An award of such other and further relief as this Honorable Court deems just and

proper.

### VIII.     <u>Demand for Jury Trial</u>

Plaintiff hereby demands a trial by jury on all counts so triable.

### IX.     <u>Designation of Trial Counsel</u>

Plaintiff hereby designates Richard A. Sinapi, Esquire as trial counsel.

<div style="margin-left:40%">

Plaintiff and Class Plaintiffs,
By their attorneys,
**SINAPI LAW ASSOCIATES, LTD.**

</div>

**Dated: December 1, 2017**          **/s/ Richard A. Sinapi, Esq__**
                                     **Richard A. Sinapi, Esq.  (#2977)**
                                     2374 Post Road, Suite 201
                                     Warwick, RI 02886
                                     Phone: (401) 739-9690; Fax (401) 739-9040
                                     Email:  ras@sinapilaw.com